

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,420-01

### EX PARTE SONIA CACY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. P-2037-B-83-CR IN THE 83RD DISTRICT COURT
### FROM PECOS COUNTY

**YEARY, J., filed a concurring opinion in which KELLER, P.J., joined.**

## CONCURRING OPINION

A post-conviction habeas corpus applicant can obtain relief in Texas if he can produce new evidence to satisfy this Court, by clear and convincing evidence, that no reasonable jury, having heard both the evidence presented at trial and the new, exculpatory evidence, would have convicted him. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). We have described this as a "Herculean" burden. *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006). I am in favor of granting post-conviction relief to any applicant who can meet it. I think that Applicant has. Beyond that, I think she has clearly established that she is entitled to relief on several other bases, including a claim that the State inadvertently used false evidence against her, a claim that her conviction is based upon unreliable science under

Article 11.073,[1] and a claim that her trial attorney provided ineffective assistance of counsel. I therefore concur in the Court's judgment.

The astute reader may have noticed that I have not yet used the short-hand rendition often attributed to a claim brought under *Elizondo*: so-called "actual innocence." I have avoided that terminology advisedly because I believe that, in many cases, it overstates the criteria under which we are amenable to granting post-conviction habeas corpus relief as a matter of due process. Not every successful *Elizondo* applicant is necessarily literally "actually innocent." The *Elizondo* standard, on its face, does not really focus on innocence *per se*. It is, instead, an exceedingly high burden by which an applicant must show that, if newly available evidence were added to the evidentiary mix, no reasonable jury would have found the State's case to have been compelling enough to defeat the systemic *presumption* of innocence. Simply put, the State would not have been able to prove him *guilty* beyond a reasonable doubt, and a reasonable jury would be obliged to declare him *not guilty*. This is not the same as establishing that the applicant is manifestly *innocent*.[2]

---

[1] TEX. CODE CRIM. PROC. art. 11.073.

[2] It is true that the Court has continued since *Elizondo* to insist that its standard was designed to determine not only whether the habeas applicant's new evidence has "overcome the presumption that [his] conviction is valid[,]" but also whether it has "unquestionably establish[ed] applicant's innocence." *Brown*, 205 S.W.3d at 545. *Elizondo* itself seemed to regard the standard it adopted as a legitimate process for deciding, not just whether a habeas applicant would still have been convicted, but also whether he has shown himself to be "unquestionably" innocent. *See* 947 S.W.2d at 209 ("The question is, . . . what level of confidence is required to implement the 'unquestionably establish' language."). The fact remains, however, that in selecting the appropriate level of confidence, the Court in *Elizondo* fashioned a standard that asked, *not* how confident the habeas court had to be that the applicant was, in fact, *innocent*. (We could have fashioned a test in *Elizondo*, for example, that asked whether the applicant has shown by clear and convincing evidence that he

None of which is to say that an applicant might not be able to proffer new evidence that *does* conclusively establish his innocence. Such a showing would clearly satisfy the *Elizondo* standard—indeed, it would exceed that standard—and I would be willing to call *that* applicant "actually innocent." But there are some lesser showings that would also be compelling enough to satisfy the *Elizondo* standard. This case is one of those. I would still grant relief to those applicants, and to Applicant here, but I would not go so far as to call them "actually innocent."

I realize that, in *Ex parte Franklin*, 72 S.W.3d 671, 678 (Tex. Crim. App. 2002), the Court arguably seemed to stiffen the *Elizondo* standard—even more—by engrafting a sort of preliminary burden of production that the habeas applicant must meet. There we held that, before we will even proceed to inquire whether the *Elizondo* standard has been satisfied, we must first determine that the applicant's new evidence "constitute[s] affirmative evidence of [his] innocence." *Id*. In the context of the facts of *Franklin*, however, it does not appear to me that the Court really meant to require an applicant to adduce evidence that would *conclusively* prove his innocence. That would make the threshold part of the *Franklin/Elizondo* test more rigorous than the ultimate part that actually measures the likelihood that a reasonable jury would find him not guilty. It would be absurd to fashion a

---

is "innocent.") Instead, the Court asked itself how confident the habeas court must be that the jury would *still have convicted him*. Not every habeas applicant who presents new evidence that, taken together with the old, by clear and convincing evidence, would cause a reasonable jury to acquit him has necessarily demonstrated that he is "unquestionably" innocent. Even new evidence that entirely obliterates the State's evidence of guilt does not necessarily definitively establish innocence.

test in which the initial burden of production is harder to satisfy than the ultimate burden of persuasion. I do not think that is what the Court intended in *Franklin*. Instead, I think the Court merely meant to require that the applicant's new evidence, proffered in the hope that it might satisfy the *Elizondo* standard, should at least constitute some direct evidence that he did not commit the crime; it cannot merely "collaterally" impeach the strength of the State's evidence that he *did* (as was the case in *Franklin* itself).[3] The touchstone for habeas corpus relief as a matter of due process remains the *Elizondo* standard.

My bottom line is that, though I remain content to grant habeas relief to any applicant who satisfies the *Elizondo* standard, I would avoid the label of actual innocence—at least in the absence of evidence that conclusively proves, not just that a reasonable jury, by clear and convincing evidence, would not have *convicted* him, but that the applicant manifestly *did not commit the offense*. I cannot say that Applicant has met *that* threshold of proof, and so I would not call her "actually innocent."[4]

---

[3] *Franklin*, 72 S.W.3d at 678. *Franklin* involved a prosecution for sexual assault of a child. *Id*. at 672. At trial, the complainant testified that the applicant had raped her and that she had never before that "had sexual relations with anyone." *Id*. at 673. In post-conviction habeas corpus proceedings, the applicant presented new evidence to show that, in fact, the complainant had been regularly sexually assaulted by her step-father prior to the time she claimed that the applicant raped her. *Id*. While this new evidence served in context to impeach to a certain extent the complainant's trial testimony, it did not establish that the applicant had not raped her. Indeed, the complainant continued to maintain throughout the post-conviction habeas corpus proceedings that he had. *Id*. at 678. We observed that the applicant's new evidence "certainly calls into question [the complainant's] veracity in general, but only collaterally affects her accusation against applicant." *Id*.

[4] The Texas Legislature has provided for compensation for a person who "has been granted relief in accordance with a writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced[.]" TEX. CIV. PRAC. & REM. CODE § 103.001(a)(2)(B). The Texas Supreme Court has construed this provision to

Nevertheless, whether because I believe she has satisfied *Elizondo*, or because I believe she has proven by a preponderance of the evidence one or more of her other claims for relief—false evidence, Article 11.073, and ineffective assistance of counsel—I agree with the Court that she is entitled to relief in the form of a new trial. I therefore concur in the Court's judgment.[5]

FILED:      November 2, 2016
PUBLISH

---

authorize compensation for any habeas applicant who has been able to establish "actual innocence" as that term has come to be understood following our opinion in *Elizondo*. *In re Allen*, 366 S.W.3d 696, 706 (Tex. 2012). In arguing that we should not necessarily label every type of *Elizondo* claim an "actual innocence" claim, it is not my purpose to call into question the Supreme Court's construction of the compensation statute. Some habeas applicants may be able to satisfy the *Elizondo* standard without necessarily establishing what I would choose to call their "actual innocence." Whether those applicants should still be able to obtain relief under the Texas Civil Practice and Remedies Code is not a question that concerns me here.

[5] In *Ex parte Reyes*, 474 S.W.3d 677, 681 (Tex. Crim. App. 2015), we observed that "[a] declaration of actual innocence, because of its impact on a defendant's reputation, affords greater relief than merely granting a new trial[.]" It is perhaps for this reason that the Court grants Applicant relief today on the basis of her *Elizondo* claim rather than any of her other meritorious claims. Again, I do not disagree that an "actual innocence" claim should take priority over others in this way—so long as it is understood that "actual innocence" is merely a "term of art," signifying nothing more than that an applicant has satisfied the *Elizondo* standard. *See In re Allen*, 366 S.W.3d at 706 ("'Actual innocence' is a legal term or art, which has acquired a technical meaning in the habeas corpus context."). It does not necessarily mean that an applicant has literally established that he is actually innocent. The *Elizondo* standard, onerous as it is, and as it should be, does not require as much before authorizing relief on due process grounds.