

# In the Court of Criminal Appeals of Texas

No. WR-49,763-02

EX PARTE MARTIN LUCIO SANTILLAN,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. W97-51514-R(B) in the 265th District Court
Dallas County

YEARY, J., filed concurring opinion.

I have previously said that I am not opposed to granting conviction relief to an applicant who can meet the standard set out in *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). I just do not agree that such an applicant has necessarily established, by virtue of meeting that standard alone, that he is "actually innocent." *See Ex parte Chaney*, 563 S.W.3d 239, 286 (Tex. Crim. App. 2018) (Yeary, J., concurring) ("I do not regard the *Elizondo* standard as sufficiently

rigorous to justify the nomenclature of 'actual innocence.'"). One who satisfies only the *Elizondo* burden (to establish only that, considering the new evidence presented, by clear and convincing evidence, no rational factfinder would now find the defendant guilty) has not necessarily proven that he is actually innocent. *Elizondo*, 947 S.W.2d at 209.

In this case, however, it occurs to me that Applicant may well have made a "conclusive" showing that he is in fact innocent of the crime for which he was convicted. *See Ex parte Cacy*, 543 S.W.3d 802, 804 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("My bottom line is that, though I remain content to grant habeas relief to any applicant who satisfies the *Elizondo* standard, I would avoid the label of actual innocence—at least in the absence of evidence that conclusively proves, not just that a reasonable jury, by clear and convincing evidence, would not have *convicted* him, but that the applicant *manifestly did not commit the offense*."). Even so, the Court's per curiam opinion today insists on declaring Applicant to be "actually innocent" simply because he has satisfied the standard established in *Elizondo*. And for that reason, regrettably, I cannot join the Court's opinion. Respectfully, even though I am convinced by the evidence presented that Applicant is in fact actually innocent of the crime for which he was convicted, I concur only in the result reached by the Court, not in its rationale.

**FILED:** February 22, 2023
**PUBLISH.**