

# In the Court of Criminal Appeals of Texas

No. WR-94,542-01

## EX PARTE ALLEN MAURICE JOHNSON,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 20508-B(1) in the 104th District Court
From Taylor County

YEARY, J., filed a concurring opinion.

Today the Court grants Applicant post-conviction habeas relief based on his claims of actual innocence and involuntary plea. I agree that Applicant is entitled to relief. I write separately to briefly express my disagreement with the Court's jurisprudence surrounding actual innocence.

I agree with the Court that Applicant has satisfied the burden

established in *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). Where my thinking differs is that the Court declares Applicant to be "actually innocent" by virtue of meeting this standard alone. For reasons that I have expressed before, I disagree with the Court's use of the term "actually innocent" when granting relief under *Elizondo*; simply satisfying the *Elizondo* burden is not enough to prove literal "actual innocence." *See Ex parte Cacy*, 543 S.W.3d 802, 803 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("The *Elizondo* standard, on its face, does not really focus on innocence *per se*. It is, instead, an exceedingly high burden by which an applicant must show that, if newly available evidence were added to the evidentiary mix, no reasonable jury would have found the State's case to have been compelling enough to defeat the systemic *presumption* of innocence.").

Still, I am persuaded that Applicant is, in fact, "actually innocent" in an "absolute sense," as described by my concurring opinion in *Ex parte Warfield*, 618 S.W.3d 69, 74 (Tex. Crim. App. 2021) (Yeary, J., concurring). On that basis, I respectfully concur.


**FILED:**                                           April 19, 2023
**DO NOT PUBLISH**