

# In the Court of Criminal Appeals of Texas

---

No. WR-90,084-01

---

## EX PARTE DANNY RICHARD LANE,

*Applicant*

---

On Application for a Writ of Habeas Corpus
Cause No. 1133791-A from the 179th District Court
Harris County

---

YEARY, J., filed a dissenting opinion.

I agree that Applicant has failed to establish ineffective assistance of counsel, for the reasons the Court gives in Part IV of its opinion today. I will say no more about that claim. I write separately only to explain why I nevertheless believe that Applicant is entitled to relief in this case on the theory that he has "absolutely" established his innocence of the offense for which he was convicted—which I regard as

either a sort of variant of his "no evidence" claim or as embraced by his generalized due process claim.

## I. *ELIZONDO* "ACTUAL INNOCENCE"

Before the Court remanded this case to the convicting court for further fact development pertaining to Applicant's ineffective assistance of counsel claim, the convicting court had already entered recommended findings and conclusions with respect to Applicant's other claims, including his "actual innocence" claim.[1] The convicting court recommended that we grant relief based on "actual innocence," citing a post-conviction habeas corpus case involving the failure to register as a sex offender in which this Court did that very thing. *See* Original Recommended Findings of Fact and Conclusions of Law at 9, Conclusion 12 ("Actual innocence claims have been extended to sex offender registration cases in which persons who did not have reportable offenses requiring a duty to register were convicted for failing to register. *See Ex*

---

[1] I am speaking here of what the Court typically refers to as an "actual innocence" claim. For my part, I would simply characterize it as a claim for relief under the *Elizondo* standard, after this Court's opinion in *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). As I have explained repeatedly, satisfying this admittedly high burden is still "not the same as establishing that the applicant is manifestly *innocent*." *Ex parte Cacy*, 543 S.W.3d 802, 803 (Tex. Crim. App. 2016) (Yeary, J., concurring). *See Ex parte Chaney*, 563 S.W.3d 239, 286 (Tex. Crim. App. 2018) (Yeary, J., concurring) ("I do not regard the *Elizondo* standard as sufficiently rigorous to justify the nomenclature 'actual innocence.'"); *Ex parte Mallet*, 602 S.W.3d 922, 925−26 (Tex. Crim. App. 2020) (Yeary, J., concurring) (agreeing that the applicant satisfied *Elizondo*, but advocating that the Court "avoid the label 'actual innocence'"); *Ex parte Santillan*, 666 S.W.3d 580, 580−81 (Tex. Crim. App. 2023) (Yeary, J., concurring) (agreeing that the applicant had probably established true "actual innocence," and was therefore entitled to relief, but refusing to join the Court's opinion because it declared him "actually innocent" simply because he satisfied the *Elizondo* standard).

*parte Harbin*, 297 S.W.3d 283, 287 (Tex. Crim. App. 2009) (conviction vacated on applicant's claim he did not have duty to register for offense in indictment and thus was actually innocent).").

But Applicant's claim is not really in the nature of an *Elizondo* "actual innocence" claim because it does not involve "new facts"; such a claim, the Court has said, implicates only "legal innocence," and does not meet the standard for actual-innocence relief. *Ex parte Fournier*, 473 S.W.3d 789, 792 (Tex. Crim. App. 2015). The Court therefore is right to reject Applicant's *Elizondo* claim, albeit for a different reason than the Court provides today. *See* Majority Opinion at 27 (rejecting Applicant's actual innocence claim because it "lack[s] any meritorious underlying legal basis"). And the Court never should have granted Harbin relief either, at least not based on his *Elizondo* "actual innocence" claim.

## II. "ABSOLUTE" ACTUAL INNOCENCE

But the convicting court also recommended that we conclude that there was "no evidence" to show Applicant had a duty to register as a sex offender to begin with—such a claim being cognizable under *Ex parte Perales*, 215 S.W.3d 418, 420 (Tex. Crim. App. 2007). Original Recommended Findings of Fact and Conclusions of Law at 8−9, Conclusions 3 & 8. I have elsewhere suggested that post-conviction habeas corpus relief ought to be available to an applicant who can establish actual innocence "in the absolute sense[.]" *Ex parte Warfield*, 618 S.W.3d 69, 74 (Tex. Crim. App. 2021) (Yeary, J., concurring). As I explained there:

> If the penal provision under which an applicant is convicted is later construed for the first time in such a way that it manifestly could *not* support a conviction based

> upon the undisputed facts of the case, we should be able to declare the applicant "actually innocent" of that offense—even for the first time in post-conviction proceedings.

*Id.* That is essentially what this Applicant is claiming in his "no evidence" claim, and I would sustain it.

In *Warfield*, the applicant had pled guilty in 2013 to the offense of fraudulent possession of identifying information. *Id.* at 72. After that plea, this Court issued an opinion in *Cortez v. State*, 469 S.W.3d 593 (Tex. Crim. App. 2015). In *Cortez*, we construed the applicable penal provision in such a way as to make it clear that Warfield had possessed fewer items of identifying information under the statute than had been previously thought, and that he was therefore guilty of a lesser grade of offense than he had pled guilty to. I agreed that he was entitled to post-conviction habeas corpus relief, "though his guilty plea was not *involuntary* when made and he has no new *facts* to support his claim." *Warfield*, 618 S.W.3d at 75 (Yeary, J., concurring). I believed he should obtain relief because, "[a]s our later construction of the controlling statute in *Cortez* demonstrate[d], he never should have been convicted of the greater offense in the first place." *Id.*

In the instant case, judicial construction of an applicable statute since the time of Applicant's guilty plea—if it is a *correct* interpretation of the statute—makes it clear that he has committed, not just a lesser grade of offense, but no offense at all. The Court has said that the failure to register as a sex offender is a "circumstance-surrounding-conduct" type of offense, for which the culpable mental state attaches to the element of having a duty to register in the first place. *Febus v. State*, 542 S.W.3d 568, 573 (Tex. Crim. App. 2018). But if the construction of former

Article 42.12, Section 7, embraced by two courts of appeals on the strength of this Court's opinion in *Cuellar v. State*, 70 S.W.3d 815, 820 (Tex. Crim. App. 2002), is correct, then Applicant had *no duty* to register as a sex offender and cannot be convicted for *failing* to register. *Hall v. State*, 440 S.W.3d 690, 693−94 (Tex. App.—Texarkana 2013, pet. ref'd); *McCraw v. I.C.*, 525 S.W.3d 701, 706 (Tex. App.—Beaumont 2017, pet. denied); TEX. CODE CRIM. PROC. former art. 42.12, § 7.[2] For my part, I believe the courts of appeals rightly concluded that an applicant whose

---

[2] The obvious difference between *Warfield* and this case is that this Court—the court of last resort in criminal law matters—has not previously weighed in to say whether it agrees with the construction of the courts of appeals in the *Hall* and *McCraw* opinions. To resolve Applicant's "no evidence"/"absolute innocence" claim, it becomes necessary for *this* Court to determine whether the 1987 order terminating Applicant's probation and setting aside his aggravated rape conviction, pursuant to former Article 42.12, Section 7, means that his 1982 conviction for that offense cannot constitute a "reportable conviction" for purposes of his 2007 prosecution for failure to register as a sex offender. So, the question arises: Should the Court endeavor to construe the import of an order under Article 42.12, Section 7, if it is challenged for the first time in a post-conviction habeas corpus proceeding? In my view, when it is necessary to do so in order to resolve a "no evidence"/"absolute innocence" claim, then we should.

The Court has held in the past that when there is "no evidence" (as opposed to legally insufficient evidence) presented to support a conviction, a purported judgment of conviction will be deemed "void," and therefore subject to collateral attack. *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). "And by void," the Court means "a 'nullity' that is 'accorded no respect due to a complete lack of power to render the judgment in question.'" *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) (quoting *Nix*, 65 S.W.3d at 667). Lack of power to render a particular judgment constitutes a category one *Marin* claim that may be raised for the first time in post-conviction habeas corpus proceedings. *Ex parte Moss*, 446 S.W.3d 786, 788−89 (Tex. Crim. App. 2014) (citing *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). If, for the purpose of determining whether there is any evidence at all to support a conviction, it becomes necessary to definitively construe the reach of a statute, then it seems to me that the Court should do so, even if for the first time in post-conviction habeas corpus proceedings.

conviction has been set aside under Article 42.12, Section 7, does not have a reportable conviction for sex offender registration purposes.

In *Cuellar*, the appellant had a prior conviction that had been set aside under former Article 42.12, Section 20, which was in all relevant respects identical to its predecessor, Article 42.12, Section 7.[3] 70 S.W.3d at 816. He was subsequently prosecuted for being a felon in possession of a firearm. *Id.* He argued that the set-aside of the earlier conviction under Article 42.12, Section 20, meant that there was no longer a felony conviction to support a subsequent prosecution for possession of a firearm by a felon. *Id.* at 817. This Court agreed:

> If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom "released from all penalties and disabilities" resulting from the conviction. [quoting the statute] * * * Once the trial court judge signs the Article 42.12, [Section] 20 order, the felony conviction disappears, except as specifically noted in subsections (1) and (2). * * * The Legislature could add other exceptions if it so chooses. For example, it could add a provision stating that a person whose conviction is dismissed under Article 42.12, [Section] 20, is still considered a felon for purposes of carrying an otherwise legal firearm. However, in the absence of such an exception, the clear language of Article 42.12, [Section] 20, governs. * * * [A] person whose conviction is set aside pursuant to an Article 42.12, [Section] 20, order *is not a convicted felon.*

*Id.* at 819−20. The courts of appeals in *Hall* and *McCraw* reasoned that, if there is no conviction for purposes of the possession-of-a-firearm-by-a-

---

[3] The current incarnation of this provision is found in Article 42A.701, Section (f). TEX. CODE CRIM. PROC. art. 42A.701(f).

felon statute, then there is likewise no conviction for purposes of the sex offender registration provisions. *Hall*, 440 S.W.3d at 693−94; *McCraw*, 525 S.W.3d at 706. I ultimately agree with this logic.

So, what about the Court's counterarguments today? The Court points to language in Article 62.002(b) and (c) of the sex offender registration chapter in the Code of Criminal Procedure. Majority Opinion at 21−23 & n.15 (quoting TEX. CODE CRIM. PROC. art. 62.002(b) & (c)). Read together, these provisions hold that a sex offender's duty to register is "not affected by" two qualified circumstances: (1) an appeal of the conviction or adjudication, (Subsection (b)(1))—unless that appeal should prove successful (Subsection (c)); and (2) a "pardon" of the conviction or adjudication (Subsection (b)(2))—unless the "pardon" is obtained "on the basis of subsequent proof of innocence" (Subsection (c)).[4] In order to effectuate certain "purposes" it divines "holistically"

---

[4] The Court finds it arguable that Subsection (c) of Article 62.002 provides an exclusive list of circumstances that *will* affect the reportability of a sex offense: reversal on appeal and a pardon for innocence. Because judicial clemency is not included in the Subsection (c) list, the argument goes, it must still *not* affect reportability under the negative-implication canon of statutory construction, also known as *expressio unius est exclusio alterius*. *See* Majority Opinion at 22 ("Arguably, the express mention of these circumstances suggests that any other non-enumerated circumstances do not result in termination of the duty to register under Chapter 62."). But the negative-implication canon is highly context-dependent. *See* Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS (2012), at 107 ("Virtually all the authorities who discuss the negative-implication canon emphasize that it must be applied with great caution, since its application depends so much on context."). I do not believe that the Court's use of the canon in this case properly accounts for context.

If anything, the relevant list of circumstances is to be found in Subsection (b) of Article 62.002, *not* Subsection (c). To wit: reportability is "*not* affected by: (1) an appeal of the conviction or adjudication; or (2) a pardon of the conviction or adjudication." TEX. CODE CRIM. PROC. art. 62.002(b)

from the statutory scheme—having almost nothing to do with the actual language of Article 62.002 itself—the Court believes that the non-innocence-based pardon provision in Subsection (b)(2) should be read to cover not just *executive* clemency, but also *judicial* clemency under former Article 42.12, Section 7. *Id.* at 22−27.

The statute does not speak of clemency in a general sense, however, but only specifically of a "pardon." And courts do not grant "pardons"—at all (not even based on innocence).[5] It is therefore clear to me that the references to the "pardon" power in both Subsections (b)(2) and (c) of Article 62.002 must refer exclusively to *executive* clemency. And if the statutory list of circumstances that do not affect reportability of a sex offense for sex offender registration purposes does *not* include *judicial* clemency, it is not for us to supplement the list. In short, absent more particular language in Article 62.002(b)(2)—to offset what *Cuellar*

(emphasis added). Subsection (c) simply operates as a kind of qualifier of the enumerated circumstances that appear in Subsection (b). It clarifies that a *successful* appeal nevertheless *will* affect reportability, notwithstanding the list in Subsection (b), as will a pardon *if it is a pardon for innocence*. If the Subsection (b) list of circumstances that will *not* affect reportability is exclusive, and if that list does *not* include judicial clemency (as seems plain to me, *see* text *post*), then that must mean—applying the negative-implication canon—that judicial clemency *may* affect reportability after all, since it is not on the list.

[5] It is true that the members of this Court have not always agreed on the constitutional *scope* of the executive pardon power. *See VanDyke v. State*, 538 S.W.3d 561, 573−79 (Tex. Crim. App. 2017); *id.* at 585−89 (Yeary, J., dissenting). But I venture to say that all would agree that *whatever* the scope of the pardon power, *only* the Executive Department may constitutionally *exercise* it—subject, perhaps, only to the judicial power to "place the defendant upon probation" that was carved out under Article 4, Section 11A of the Texas Constitution. TEX. CONST. art. II, § 1; *id.* art. IV, § 11A.

concluded was the "crystal clear" language of Article 42.12, Section 7—
I do not construe it to include anything more than an *executive* pardon,
since only the Executive Department can "pardon." If the Court believes
that was a legislative oversight, it is for the Legislature to fix, not us.

The Court also discusses its opinion in *Rodriguez v. State*, 93
S.W.3d 60 (Tex. Crim. App. 2002), decided some seven months after
*Cuellar*. Majority Opinion at 24−25. There the Court concluded that
retroactive application of sex offender registration requirements did not
violate *ex post facto* principles because the requirements were "civil and
remedial in nature," the effects of which were not so punitive as to
constitute criminal penalties. *Rodriguez*, 93 S.W.3d at 79. I guess I just
do not understand how the fact that sex offender *registration
requirements* are themselves civil, not criminal, can change the fact that
an order setting aside a conviction—under Article 42.12, Section 7—has
made what would otherwise have been a reportable conviction
"disappear." *Cuellar*, 70 S.W.3d at 820. "[A] person whose conviction is
set aside" pursuant to this statute is simply "*not a convicted felon.*" *Id.*
*Cuellar* asserted that the *only* exceptions are those specifically
contained in Article 42.12, Section 20 (formerly Section 7) itself. In the
absence of more specific legislative language somewhere *else* to
counteract the nullifying effect of a judicial set-aside order entered
under Article 42.12, Section 7,[6] I would conclude that Applicant had no

---

[6] See, for example, the decision of the Texas Supreme Court in *Tune v.
Tex. Dep't Pub. Safety*, 23 S.W.3d 358 (Tex. 2000). There, the petitioner argued
that the fact that his prior conviction had been set aside under Article 42.12,
Section 7, meant that he was eligible for a concealed-handgun license,
notwithstanding language in the Concealed Handgun Act that prohibited
licensure for convicted felons. *Id.* at 363. Pointing to language in the Act itself

reportable conviction for which he was required to register in the first place. He cannot, therefore, be lawfully convicted for failing to do so.

### III.  CONCLUSION

This Court has said that a post-conviction habeas corpus applicant who can satisfy the *Elizondo* standard has suffered a due process violation entitling him to a new trial. *Elizondo*, 947 S.W.2d at 290. Likewise, an applicant who can show that his conviction was based on "no evidence" may obtain post-conviction relief on due process grounds. *Perales*, 215 S.W.3d at 419−20. As far as I am concerned, it should follow—even more so—that an applicant who can show that he is "absolutely innocent," given the undisputed facts and the prevailing law, should also be entitled to relief under due process principles, regardless of whether he pled guilty or has presented "new evidence" to demonstrate it. *Warfield*, 618 S.W.3d at 74−75 (Yeary, J., concurring). Whether the Court accurately called the claim in *Harbin* an "actual innocence" claim (or, as I would call it, an "*Elizondo* claim"), a "no-evidence" claim, or some *other* species of due process claim (an "absolute actual innocence claim"), it rightly granted the applicant relief in that

---

that defined a conviction for its purposes, the Supreme Court concluded that the petitioner was not eligible for licensure, notwithstanding having received judicial clemency under Article 42.12, Section 7. *Id.* at 363−64. But the definition of "convicted" in the Concealed Handgun Act differed in a crucial way from that in Article 62.002 of the sex offender chapter of the Code of Criminal Procedure. The definition of "convicted" in the Concealed Handgun Act expressly referred *both* to judicial *and* executive clemency, defining the term such that *neither* a judicial "discharge" from community supervision *nor* an executive "pardon" (unless it was a pardon for innocence) was excepted. The language of Article 62.002, which the Court invokes today, contains no such reference to *judicial* clemency as did the statutory language the Supreme Court was construing in *Tune*.

case under the circumstances. We should likewise grant relief to Applicant in this case today, whatever label we choose to append to his due process claim.[7]

Because the Court denies relief despite all I have pointed out here, I respectfully dissent.

**FILED:**                                            June 28, 2023
**PUBLISH**

---

[7] Despite the delay between Applicant's conviction and the filing of this, his initial post-conviction application for writ of habeas corpus, I would not conclude that he is barred by laches. He pled guilty and was convicted of this failure-to-register offense in August of 2007, but did not file his writ application until September of 2018, more than eleven years later. Arguably, however, he could not have known to pursue his claim until he was contacted in 2017 by the Texas Department of Criminal Justice Office of State Counsel for Offenders and told he had no duty to register after all. Majority Opinion at 7. Moreover, the State does not invoke laches here, and even if it did, the Court's seminal opinion in *Ex parte Perez*, 398 S.W.3d 206, 218 (Tex. Crim. App. 2013), left "intact the equitable principles that permit a court to reject the State's reliance on laches when the record shows[,]" among other things, that an applicant might be able to prove his innocence.