

# In the Court of Criminal Appeals of Texas

No. WR-28,073-02

EX PARTE JAMES HARRY REYOS,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. A-14,583-B
In the 70th District Court
Ector County

YEARY, J., filed a concurring opinion.

Applicant was convicted of murder and sentenced to thirty-eight years' imprisonment in 1983. His conviction was affirmed by the Eighth Court of Appeals the following year. *Reyos v. State*, No. 08-83-0026-CR (Tex. App.—El Paso, Nov. 21, 1984). Applicant made this application this year, in 2023, on the grounds that new evidence proves he is

actually innocent.

Today the Court grants Applicant post-conviction habeas relief based on his claim of actual innocence. In my view, Applicant has satisfied the burden established in *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). The new fingerprint evidence alone is enough to reach that conclusion. Where my thinking differs is that the Court declares Applicant to be "actually innocent" by virtue of meeting this standard alone. For reasons that I have expressed before, I disagree with the Court's use of the term "actually innocent" when granting relief under *Elizondo*; simply satisfying the *Elizondo* burden is not enough to prove literal "actual innocence." *See Ex parte Cacy*, 543 S.W.3d 802, 803 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("The *Elizondo* standard, on its face, does not really focus on innocence *per se*. It is, instead, an exceedingly high burden by which an applicant must show that, if newly available evidence were added to the evidentiary mix, no reasonable jury would have found the State's case to have been compelling enough to defeat the systemic presumption of innocence.").

Because I am persuaded Applicant has met his burden under *Elizondo*, I respectfully concur.


**FILED:**                                        October 4, 2023
**DO NOT PUBLISH**