

# In the Court of Criminal Appeals of Texas

No. WR-94,858-02

EX PARTE CEDRIC FRIEL WOODS,

*Applicant*

On Application for Writ of Habeas Corpus
In Cause No. 1119817-A
In the 179th Criminal District Court
Harris County

YEARY, J., filed a concurring opinion.

In 2007, Applicant pled guilty to the offense of possession of a controlled substance—cocaine—and he was sentenced to ninety days confinement in the county jail. *See* TEX. HEALTH & SAFETY CODE § 481.115(b) (establishing possession of less than one gram of a penalty group one controlled substance as a state jail felony); TEX. PENAL CODE

§ 12.44(a) (permitting state jail felonies to be punished as Class A misdemeanors in the interests of justice). He did not pursue an appeal. But over a year later, in September of 2008, the Houston Police Department issued a report documenting that the evidence in Applicant's case tested negative for any controlled substance.

Six years later—and seven years after his guilty plea—the Harris County District Attorney released a letter to Applicant with the intent to inform him of the laboratory report. The trial court made findings of fact reflecting that, while the State sent notice of the lab results to Applicant on July 29, 2014, Applicant was not made aware of those results until he was contacted by the Harris County Public Defender in February of 2023.

In June of 2023, Applicant filed this application for the writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he makes two independent claims: that, given the laboratory results, 1) his conviction violated his due process rights, and 2) his plea was involuntary. And, today, the Court grants Applicant relief based on his second claim, that his plea was involuntary.

The Court's rationale, based on its opinion in *Ex parte Mable*, 443 S.W.3d 129 (Tex. Crim. App. 2014), is that because Applicant was unaware at the time of his plea that the substance he possessed actually contained no controlled substances, his guilty plea was involuntary. Majority Opinion at 1. But for reasons expressed in Judge Keasler's concurring opinion in *Ex parte Saucedo,* and in my own concurring opinion in *Ex parte Warfield*, I disagree that Applicant's plea was involuntary. *See Saucedo*, 576 S.W.3d 712, 719 (Tex. Crim. App. 2019)

(arguing that an applicant's "ignorance of facts he 'knew . . . he did not know' should not invalidate his otherwise voluntary decision to plead guilty") (quoting *Ex parte Palmberg*, 491 S.W.3d 804, 810 (Tex. Crim. App. 2016)); *Warfield*, 618 S.W.3d 69, 72–75 (Tex. Crim. App. 2021). In my view, the Court should simply overrule *Mable*. It was wrong then and it is still wrong today.

However, I do believe Applicant is entitled to relief on due process grounds, as alleged in his first claim for relief. I recently articulated my rationale for this conclusion in my concurring opinion in *Ex parte Ohlemacher*:

> When undisputed new facts that were inaccessible to both parties at the time of a trial or plea irrefutably demonstrate that an Applicant is *not guilty* of the offense for which a judgment of conviction has been entered, the rights to due process and due course of law are implicated. But for the inaccessibility of those newly discovered facts, a rational jury or judge would *not* have entered either a finding or a judgment of guilt. In these circumstances, a court—with jurisdiction that has been properly invoked—must not tolerate the perpetuation of the false judgment. The previous inaccessibility of the evidence definitively demonstrates the fundamental unfairness of the process that led to the verdict, regardless of the existence of some other error. This conclusion is necessary to preserve the very integrity of our judicial system itself. Otherwise, our system might improperly preserve, and even honor, demonstrably false judgments.

666 S.W.3d 528, 528 (Tex. Crim. App. 2023) (Yeary, J., concurring).

Applicant pled guilty to possession of a controlled substance and his plea was not involuntary. But it is now clear that he is truly not guilty of that offense. In fact, in my view, Applicant has satisfied the

burden established by *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim App. 1996) (holding that an applicant is entitled to a new trial if he can show, by clear and convincing evidence, that no reasonable fact-finder—had it been presented with his new exculpatory evidence—would have convicted him). Indeed, on the facts of this case, I might even conclude that Applicant has established that he is actually innocent. *See Ex parte Cacy*, 543 S.W.3d 802, 804 (Tex. Crim. App. 2016) (Yeary, J., concurring) ("I would avoid the label of actual innocence—at least in the absence of evidence that conclusively proves, not just that a reasonable jury, by clear and convincing evidence, would not have *convicted* him, but that the applicant manifestly *did not commit the offense.*").

In any event, I am persuaded that Applicant has at least adequately established his first claim. His conviction violated due process, regardless of whether we call it an *Elizondo* claim or some other species of due process claim such as "absolute actual innocence."[1] *See Ex parte Lane*, 670 S.W.3d 662 (Tex. Crim. App.) (Yeary, J., dissenting) ("We should . . . grant relief to Applicant in this case today, whatever label we choose to append to his due process claim."); *Warfield*, 618 S.W.3d at 74–75. I concur with the Court's decision only in its result.

FILED:    November 8, 2023
PUBLISH

---

[1] Despite the delay between Applicant's conviction and the filing of this application for writ of habeas corpus, I would not conclude that he is barred by laches. As explained in this opinion, the trial court's findings suggest that Applicant, at least arguably, could not have known to pursue his claim until he was contacted in 2023 by the Harris County Public Defender's Office.