

# In the Court of Criminal Appeals of Texas

Nos. WR-95,617-01, -02

## EX PARTE ADAM SANCHEZ,

*Applicant*

On Applications for Writs of Habeas Corpus
In Cause Nos. 2017CR9179-W1 and 2017CR9174-W1
In the 226th District Court
Bexar County

YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined.

In April of 2019, Applicant pled *nolo contendere* to two counts of aggravated sexual assault, allegedly committed against his biological son and daughter. TEX. PENAL CODE § 22.021(a)(1)(B). He was convicted and was sentenced to concurrent sentences of twenty-five years for each offense. The complainant children later recanted their accusations

against their father, and, in November of 2021, Applicant filed the instant applications for writs of habeas corpus. TEX. CODE CRIM. PROC. art. 11.07. Based primarily on the children's recantations, Applicant pleads actual innocence. He also alleges ineffective assistance of trial counsel.

Today the Court grants Applicant relief under *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996), on his claim of actual innocence. Majority Opinion at 2. I do not rule out that Applicant may be entitled to relief under *Elizondo*, but I would not reach that conclusion yet.[1]

According to the record, the complainant children made their initial outcries to a Tyleious (Ty) Garner, who was their mother's boyfriend at the time. The children have recanted their accusations against Applicant and now claim, in essence, that they were coerced by Garner into falsely accusing their father of the crimes for which he is

---

[1] As I have frequently explained, satisfying *Elizondo*'s admittedly high burden is still "not the same as establishing that the applicant is manifestly *innocent.*" *Ex parte Cacy*, 543 S.W.3d 802, 803 (Tex. Crim. App. 2016) (Yeary, J., concurring). *See Ex parte Chaney*, 563 S.W.3d 239, 286 (Tex. Crim. App. 2018) (Yeary, J., concurring) ("I do not regard the *Elizondo* standard as sufficiently rigorous to justify the nomenclature 'actual innocence.'"); *Ex parte Mallet*, 602 S.W.3d 922, 925−26 (Tex. Crim. App. 2020) (Yeary, J., concurring) (agreeing that the applicant satisfied *Elizondo*, but advocating that the Court "avoid the label 'actual innocence'"); *Ex parte Santillan*, 666 S.W.3d 580, 580−81 (Tex. Crim. App. 2023) (Yeary, J., concurring) (agreeing that the applicant had probably established true "actual innocence," and was therefore entitled to relief, but refusing to join the Court's opinion because it declared him "actually innocent" simply because he satisfied the *Elizondo* standard"); *Ex parte Lane*, 670 S.W.3d 662, 680 n.1 & 684−85 (Tex. Crim. App. 2023) (Yeary, J., dissenting) (arguing that in an *initial* writ application, the applicant established that he was "absolutely innocent"—as opposed to "actually innocent"—of failure to register, having proven in the writ proceeding that he had no reportable conviction).

currently imprisoned. I find nothing in the record indicating that Garner was called to testify at the habeas court's evidentiary hearing or that he provided an affidavit or other response to the children's statements about his involvement in their initial outcries. Given his importance to the children's accusations against their father and their subsequent recantations, I would remand the case to the habeas court with instructions to obtain a response from Garner and develop the record concerning Garner's involvement in this case.

There is also testimony in the record that another man, identified only as Thomas, was present when the children explained to their mother how they came up with the details of their accusations against Applicant. There is some indication that this man, Thomas, may at some point have provided a statement in this case. But that statement does not appear to be included in the record provided to this Court. I would, therefore, also remand this case to the habeas court with instructions to obtain this statement or other testimony from Thomas.

Because the Court does otherwise, I respectfully dissent.

**FILED:**                      June 19, 2024
**PUBLISH**