

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-95,984-01

## EX PARTE TRAVIS COBB, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 2018CR11604-W1 IN THE 399TH DISTRICT COURT
### BEXAR COUNTY

NEWELL, J., filed a concurring opinion.

Any controversy in this case is self-inflicted. The State agrees with Applicant that he is actually innocent. The habeas court also agrees and recommends granting relief on actual innocence under the legal standard for actual innocence relief articulated over twenty-eight years ago in *Ex parte Elizondo*.[1] Moreover, every member of this Court agrees

---

[1] *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996) (holding a petitioner must show by clear and convincing evidence that no reasonable juror would have convicted him in light of new evidence).

that Applicant is entitled to relief under *Elizondo*. And neither party is asking this Court to revisit our holding or otherwise adjust the standard for actual innocence relief.

Furthermore, no one points to any indication that the current standard for actual innocence relief under *Elizondo* is unworkable.[2] The Court routinely denies actual innocence relief and only grants on that basis when an applicant can carry the Herculean burden necessary to establish that such relief is warranted.[3] That a judge on this Court does not want to declare an applicant actually innocent when the applicant establishes actual innocence under the controlling legal standard does not render the standard itself problematic.[4] And since *Elizondo*, there

---

[2] *Garcia v. State*, 614 S.W.3d 749, 754 (Tex. Crim. App. 2019) (recognizing that this Court follows the doctrine of *stare decisis* "to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process" and noting an exception is made when the Court determines that the precedent at issue was "poorly reasoned or is unworkable") (internal citations omitted).

[3] *Compare, Ex parte Reed*, No. WR-91,146-01, 2023 WL 3729867, at *1 (Tex. Crim. App. May 31, 2023) (per curiam) (not designated for publication) (granting actual innocence relief under *Elizondo*); *Ex parte Quinney*, No. WR-94,186-01, 2023 WL 2000091, at *1 (Tex. Crim. App. Feb. 15, 2023) (per curiam) (not designated for publication) (same); *with, Ex parte Brown*, No. WR-93,640-01, 2023 WL 3220989, at *1 (Tex. Crim. App. May 3, 2023) (per curiam) (not designated for publication) (denying actual innocence but granting relief on other grounds); *Ex parte Gonzalez*, 2022 WL 10731748, at *1 (Tex. Crim. App. Oct. 19, 2022) (per cuiam) (not designated for publication) (same).

[4] Suggesting that historical and moral certainty should be a requirement of the standard for actual innocence is not a challenge to the nomenclature; it is a call to adjust the standard of review by increasing the burden on applicants to prove actual innocence.

have been no arguments lodged by practitioners to revisit the standard despite numerous invitations by members of this Court.[5]

Also, by way of contrast, the Court has already tried and rejected the application of a higher standard.[6] That standard was unworkable because it was impossible to meet.[7] As we explained in *Elizondo*, "if habeas corpus relief is to be conditioned upon a finding that no rational juror could convict the applicant after introduction of the newly discovered evidence, it becomes theoretically impossible for any habeas applicant to sustain his burden because exculpatory evidence can never outweigh inculpatory evidence under this standard of sufficiency."[8] Raising the burden of proof to eliminate the weighing of the exculpatory evidence against the record creates the same theoretical impossibility by a different name. The current standard set out in *Elizondo* is a high, but workable standard, not an impossible one.

---

[5] *See, e.g., Ex parte Cacy*, 543 S.W.3d 802, 803 (Tex. Crim. App. 2016) (Yeary, J., concurring); *Ex parte Chaney*, 563 S.W.3d 239, 286 (Tex. Crim App. 2018) (Yeary, J. concurring); *Ex parte Warfield*, 618 S.W.3d 69, 74 (Tex. Crim. App. 2021) (Yeary, J., concurring).

[6] *See State ex rel. Holmes v. Court of Appeals*, 885 S.W.2d 389, 398 (Tex. Crim. App. 1994) (holding that "in order to be entitled to relief on a claim of factual innocence the applicant must show that based on the newly discovered evidence and the entire record before the jury that convicted him, no rational trier of fact could find proof of guilt beyond a reasonable doubt").

[7] *Elizondo*, 947 S.W.2d at 206 (rejecting the implication of *Holmes* as unreasonable).

[8] *Id.* at 205.

And, of course, we cannot forget the reactions from the legislature and our sister court to our recognition of a claim for relief based upon actual innocence. Since *Elizondo*, the Legislature has codified this Court's ability to make a factual finding of actual innocence for purposes of compensation for wrongful convictions.[9] And it later expanded the ability of trial courts to render a factual finding on actual innocence with an agreement by the State when relief has been granted in accordance with a writ of habeas corpus.[10] For its part, the Texas Supreme Court has recognized that compensation for actual innocence relief is appropriate even when applicants establish innocence under the lower, *Schlup*-based innocence standard.[11] The concern about the standard for establishing innocence relief is a manufactured dilemma.

And yet, we are told that following binding precedent from this Court, when no one is asking for us to do otherwise, demonstrates a

---

[9] *See* Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a)(2)(B).

[10] *See* Act of June 17, 2011, 82nd Leg. R.S., ch. 698, 2011 Tex. Gen. Laws 1663, 1664. Indeed, even if we were to grant relief without declaring Applicant actually innocent, the habeas court could still do so regardless of our refusal to make such a declaration. Tex. Civ. Prac. & Rem. Code Ann. § 103.001(a)(2)(C); *see also In re Brown*, 614 S.W.3d 712, 721-22 (Tex. 2020).

[11] *In re Allen*, 366 S.W.3d 696, 708 (Tex. 2012) (recognizing that *Schulp*-type innocence claims merit compensation based on a finding of actual innocence because "[w]here legislative enactments unambiguously direct our path, we must follow").

lack of humility.[12]  That making arguments on behalf of the State to deny relief even when the State is agreeing that the legal standard has been met is an act of judicial restraint.[13]  And Oceania has always been at war with Eastasia.[14]  If we are truly concerned with efficiently resolving our cases, then we need to stop making up reasons to re-examine our precedent when the parties themselves do not ask us to do so.

With these thoughts, I join the Court's order granting actual innocence relief.

Filed: March 26, 2025

Publish

---

[12] *See Chaney*, 563 S.W.3d at 288 (Yeary, J. concurring) ("In my view, we—judges on this Court—lack a humility appropriate to our true station when we declare to the public that an applicant is actually—and thus, factually, historically, and morally—innocent when—in factual, historical, and moral fact—he might very well *not* be.").  If the requirement is factual, historical, and moral certainty, it seems we should require that at the conviction stage rather than allow a wrongful conviction to stand even though the defendant "might very well not be" factually, historically, or morally guilty.

[13] *Id.*

[14] George Orwell, 1984 (1949).