

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-97,142-01

## EX PARTE TYLER SMITH, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. W2018960-A IN THE CRIMINAL DISTRICT COURT NO. 7 DALLAS COUNTY

**FINLEY, J., filed a concurring opinion in which YEARY, J., joined.**

## CONCURRING OPINION

I join the Court's order. I write separately to distinguish this case from the views that I expressed in *Ex parte Mejia*, — S.W.3d —, No. WR-82,126-02, 2026 WL 175235, at *15 (Tex. Crim. App. Jan. 22, 2026) (FINLEY, J., concurring in part and dissenting in part).

In *Mejia*, I agreed with JUDGE YEARY's long-held position that this Court should abandon labeling successful *Elizondo*[1] applicants "actually innocent." *Id.* But, as JUDGE YEARY has previously expressed—with which I agree—the label is appropriate in cases where "evidence . . . conclusively proves not just that a reasonable jury, by clear and convincing evidence, would not have convicted him, but that the applicant manifestly did not commit the offense." *Id.* (quoting *Ex parte Cacy*, 543 S.W.3d 802, 804 (Tex. Crim. App. 2016) (YEARY, J., concurring)).

This is one such case. In 2012, Applicant was adjudicated as a juvenile for aggravated sexual offense and was placed on deferred adjudication probation. The requirement that he register as a sex offender was deferred until completion of Applicant's community supervision.[2] Applicant successfully completed probation in July 2015. No subsequent registration was ever ordered, and Applicant was never required to register. On January 4, 2022, the Texas Department of Public Safety (DPS) determined that Applicant was mistakenly registered and removed him from

---

[1] *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996).

[2] "[T]he juvenile court may enter an order . . . deferring decision on requiring registration under this chapter until the respondent has completed treatment for the respondent's sexual offense as a condition of probation." TEX. CODE CRIM. PROC. § 62.352(b)(1). "Following successful completion of treatment, the respondent is exempted from registration under this chapter unless a hearing under this subchapter is held on motion of the prosecuting attorney, regardless of whether the respondent is 18 years of age or older, and the court determines the interests of the public require registration." *Id.* § 62.352(c).

the registry. DPS did not notify the Dallas County District Attorney's Office or Applicant about its decision to remove Applicant from the registry.

Applicant was indicted in February 2021 for failing to register as a sex offender in the months of October and November 2020. On April 6, 2021, Applicant pleaded guilty to the charged offense and was sentenced to six months' confinement in the state jail. The record indicates that Applicant was erroneously added to the registry by a Texas Department of Criminal Justice (TDCJ) employee when Applicant was processed for release from TDCJ on a separate conviction in 2020. At the time of his guilty plea in this case, no one involved—the State, defense counsel, nor the trial court—was aware that Applicant did not in fact have a duty to register.

Consequently, Applicant never committed an offense. The evidence in the record "conclusively proves . . . by clear and convincing evidence . . . that the applicant manifestly did not commit the offense." *Id.* (quoting *Cacy*, 543 S.W.3d at 804 (YEARY, J., concurring)).

With these thoughts, I join the Court's order.

**Filed: March 5, 2026**
**Publish**